Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7048 | **DATE** | 8/18/2011 |
| **CASE TITLE** | Brewer vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions *in limine* [49] are granted in part and denied in part. Plaintiff's motions *in limine* 1 and 2 are granted in part and denied in part; plaintiff's motions *in limine* 3-6 are granted, without objection. Defendants' motions *in limine* [51] are granted in part and denied in part. Defendants' motions *in limine* 1-8, 10, 11-12, and 14-15 are granted. Defendants' motions *in limine* 13 and 16-19 are denied. Defendants' motion *in limine* 9 is denied in part, and entered and continued in part to 9/14/11. Plaintiff is ordered to arrange for Keonte West's deposition by 9/2/11. The parties are ordered to file a joint status report by 9/7/11, indicating whether the portion of defendant's motion *in limine* 9 relating to West is moot.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

A court should not grant a motion *in limine* to exclude evidence unless the movant shows that the evidence "is inadmissible on all potential grounds." *Betts v. City of Chicago*, No. 09 C 4095, 2011 WL 1837805, at *1 (N.D. Ill. May 13, 2011) (quoting *CDX Liquidating Trust ex. rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 591, 597 (N.D. Ill. 2009)). Rather, the court should ordinarily defer evidentiary rulings until trial, "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* Rulings *in limine* may be altered at trial. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984); *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006).

Plaintiff's motions *in limine*

Defendants do not object to plaintiff's motions in limine 3-6. These motions are granted. The Court turns to plaintiff's motions to which defendants have raised objections.

Motion *in limine* 1
Plaintiff seeks to bar defendants from introducing evidence of plaintiff's prior arrests and convictions. Plaintiff has been arrested a number of times in addition to the arrest at issue in this case. He was convicted of delivery of a controlled substance on January 2, 2004, and was convicted of possession of a controlled substance on December 7, 1998.
Subject to Federal Rule of Evidence 403, a witness's felony convictions are admissible, unless more than ten years has elapsed. *See* Fed. R. Evid. 609. Plaintiff's conviction for possession of a controlled substance occurred more that ten years ago, and defendants offer no basis for finding that the probative value of this conviction substantially outweighs its prejudicial effects. *See* Fed. R. Evid. 609(b). The motion to exclude this conviction is granted. However, the Court finds that plaintiff's 2004 felony conviction is admissible and that the potential for prejudice does not outweigh its probative value. Plaintiff's motion to

| STATEMENT |
|---|

exclude the 2004 conviction is denied.

Generally, evidence of a witness's prior arrests that did not result in convictions is not admissible for purposes of impeachment or character evidence. *See Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *1 (N.D. Ill. Apr. 15, 2008). Defendants argue that this evidence may nevertheless be admissible in this case if plaintiff offers evidence that the arrest at issue caused emotional distress, or if he claims to have a clean past. Plaintiff's motion to exclude evidence of his prior arrests is denied, subject to renewal at trial. Defendants are ordered to request a sidebar prior to attempting to introduce evidence of plaintiff's prior arrests.

### Motion *in limine* 2

Plaintiff seeks to bar defendants from referring to certain arrests and convictions of plaintiff's brother, Raphael Brewer ("Raphael"), other than his arrest on June 9, 2008. Plaintiff agrees that Raphael's June 9, 2008 arrest is relevant to the events about which plaintiff complains in this case. However, plaintiff contends that Raphael's conviction that resulted from that arrest is not admissible because Raphael pleaded guilty to reckless conduct, a misdemeanor that is not a crime of dishonesty. Since Raphael's reckless conduct conviction may be relevant to place his arrest in context, the Court denies plaintiff's motion to exclude it.

Plaintiff also argues that Raphael's 2004 conviction for delivery of a controlled substance and his arrests that did not result in convictions should be excluded. Defendants do not object to the exclusion of evidence of Raphael's 2004 conviction. Defendants do not respond to plaintiff's argument that evidence of Raphael's arrests (other than the June 9, 2008 arrest) should be excluded. Plaintiff's motion is granted as to Raphael's 2004 conviction and his arrests that did not result in conviction.

## Defendants' motions *in limine*

Plaintiff does not object to defendants' motions *in limine* 1-8, 11-12, and 14-15. These motions are granted. The Court turns to defendants' motions to which plaintiff has raised objections.

### Motion *in limine* 9

Defendants seek to bar plaintiff from calling Keonte[1] West and Damian Bates as witnesses at trial, on the basis that neither party was able to locate these individuals for deposition. Plaintiff agrees that Bates' whereabouts remain unknown. The motion to bar Bates from testifying is denied, without prejudice to defendants' ability to renew their objection at trial should Bates resurface under circumstances that would be prejudicial to them.

Plaintiff claims to have located West through a cell phone number, and states that plaintiff's counsel notified defendants' counsel that West would voluntarily appear for a deposition. According to plaintiff, defendants refused to take West's deposition. This portion of defendants' motion in limine 9 is entered and continued to 9/14/11. Plaintiff is ordered to arrange for West's deposition by 9/2/11. The parties are ordered to file a joint status report by 9/7/11, indicating whether the portion of the motion relating to West is moot.

### Motion *in limine* 10

Defendants seek to bar Crystal Simmons from testifying that phone calls she received from plaintiff originated in Michigan, on the basis that she has no personal knowledge as to where the calls originated. This motion is granted: Simmons may not testify that calls she received originated in Michigan. This ruling does not limit Simmons from testifying that she received phone calls from plaintiff, or from testifying as to what numbers, if any, she observed on her caller identification display on her phone.

### Motion *in limine* 13

Defendants seek to bar plaintiff from introducing evidence that he lost income, wages, or employment

**STATEMENT**

opportunities, on the basis that plaintiff has not produced any documents supporting such claims. Plaintiff responds that he does not have any documentary evidence relating to these subjects. Plaintiff's lack of documentary evidence does not preclude him from testifying on these subjects. The motion is denied.

Motion *in limine* 16
Defendants seek to bar plaintiff from testifying regarding what his aunt, Linda Simms, told him about what she saw on a "Crimewatch" television show; or that there were posters placed in his neighborhood depicting individuals who were subject to arrest warrants. Defendants also seek to bar Simms from testifying that she knew that plaintiff resided in Kalamazoo, Michigan, because she lacks personal knowledge of plaintiff's whereabouts at that time. The Court finds that this evidence is best addressed by contemporaneous objections at trial. The motion is denied, without prejudice to defendants' ability to renew these objections at trial.

Motion *in limine* 17
Defendants seek to bar plaintiff from offering evidence regarding his brother's arrest by Eighth District police officers (who are not parties here), and regarding plaintiff's stop by Eighth District police officers several months prior to his December 2008 arrest that is the subject of this case. Defendants argue that these incidents are not relevant to this case.
Plaintiff alleges in the amended complaint that defendants arrested him in December 2008 on a warrant based on false charges by Eighth District officers that plaintiff was involved in a drug conspiracy. Plaintiff maintains that he came to Chicago from Michigan after he heard of his brother's arrest, and that the timing of his trip to Chicago is relevant to his defense that he was not in Chicago earlier, when defendants claim he was selling drugs. In addition, plaintiff contends that Eighth District officers obtained his personal information when they completed a contact card on him when plaintiff complained to them about the officers' conduct during his brother's arrest.
The Court finds that defendants have not shown that this evidence is inadmissible on all potential grounds. The motion is denied, without prejudice to defendants' ability to renew these objections at trial.

Motion *in limine* 18
Defendants seek to bar plaintiff from testifying that his arrest had a negative impact on his relationship with his girlfriend, on the basis that they contend that there is no evidence to support such a claim. Defendants may test plaintiff's credibility through cross-examination. The motion is denied.

Motion *in limine* 19
Defendants seek to bar plaintiff's mother, Sharon Brewer, from testifying that she heard on the police dispatch radio that police officers who had arrested plaintiff's brother had the "wrong guy," or that other police officers told her that there was a warrant outstanding for plaintiff's arrest and that they were going to arrest plaintiff. The statements at issue were made by officers who are not parties to this case. Defendant argues that this testimony is inadmissible hearsay, and irrelevant. Since it is possible that these statements could be offered for a purpose other than the truth of the matter asserted, the motion to bar them at this point is denied. Defendants may renew these objections at trial, if appropriate.

*[signature]*

---

1. Apparently West may also be known as "Deonte West."